# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-00280 SVW (AJWx) | Date | April 16, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Mark Garay | | |

## JS - 6

| Present: The Honorable | STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Cruz | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO SAN BERNARDINO SUPERIOR COURT [10]

## I.   INTRODUCTION

On November 21, 2011, Plaintiff Federal National Mortgage Association ("FANNIE MAE") filed the instant action in San Bernardino County Superior Court against Defendant Mark Garay alleging unlawful detainer pursuant to California Code of Civil Procedure §§ 1161a(b)(3) and 1166.  On February 23, 2012, Garay, a *pro se* Defendant, removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  (Dkt. No. 1).  Defendant purports to have removed the case on the basis of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  (Notice of Removal at 2-3).  On March 30, 2012, FANNIE MAE filed a Motion to Remand the case to San Bernardino County Superior Court. (Dkt. 10).

The Court hereby REMANDS the case to San Bernardino County Superior Court because the Court lacks subject matter jurisdiction over the case.  The hearing scheduled for April 30, 2012 at 1:30 p.m. is hereby VACATED.

## II.   ANALYSIS

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392.  "A case may **not** be removed to federal court on the basis of a federal defense, including the defense of pre-emption."  Id. at 393 (emphasis in original).  The only exception to this rule is where plaintiff's federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-00280 SVW (AJWx) | Date | April 16, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Mark Garay | | |

JS - 6

claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

    Here, the Complaint contains a single state cause of action for unlawful detainer. No federal claim is alleged. Defendant claims that federal question jurisdiction exists because of his allegations that Plaintiff violated the Protecting Tenants at Foreclosure Act. (Notice of Removal ¶ 8). However, Defendant seems to be citing to federal law in support of potential counterclaims, or a defense to the Complaint, both. These allegations do not constitute a basis for removal. A federal defense does not form a basis for removal, nor does an actual or anticipated federal counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Therefore, Defendant has failed to show that federal question jurisdiction exists in this case.

**III.   CONCLUSION**

    Accordingly, because this Court lacks subject matter jurisdiction, this action is remanded to San Bernardino County Superior Court, Case No. UDFS1102548. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.